**Opinion filed January 22, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00290-CV

_____

## IN THE INTEREST OF P.M.P., A CHILD

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C51460**

### M E M O R A N D U M   O P I N I O N

Appellant-Father appeals the trial court's order terminating his parental rights to his child, P.M.P.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2025).  After a final termination hearing, the trial court found by clear and convincing evidence that Appellant endangered P.M.P. as set forth in Sections 161.001(b)(1)(D) and (E) of the Texas Family Code, and that termination was in the child's best interest.  *See id.* § 161.001(b)(1)(D), (E), (b)(2).  We affirm the order of termination.[2]

---

[1]We use initials to refer to the child.  TEX. R. APP. P. 9.8(b).

[2]The trial court also terminated the parental rights of the mother.  The mother did not file a notice of appeal.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. Counsel sent by electronic mail, express mail, and certified mail to Appellant's last known address a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and the clerk's record and reporter's record. Counsel certified to this court that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, and to file a pro se response to counsel's *Anders* brief. *See* TEX. R. APP. P. 6.5. This court has likewise made efforts to ensure Appellant's access to this court and to apprise him of the pendency of this appeal and the actions by counsel on appeal. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). As such, court-appointed counsel has complied with the requirements of *Anders, Schulman,* and *Kelly. See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit. With respect to the trial court's endangerment findings in particular, the evidence established that the Department intervened in August 2024 due to the mother's daily methamphetamine use and leaving the two-year-old child in the care of known drug users. When the Department began its investigation, Appellant was confined in the Palo Pinto County Jail following his arrest for possession of cocaine and fentanyl. However, he used illegal drugs in the child's presence prior to his confinement. Shortly after his release on bond in September 2024, Appellant

2

tested positive for methamphetamine and marihuana. He tested positive for methamphetamine two more times while the case was pending, and refused to submit to drug testing on at least nine occasions. The record as a whole demonstrates that Appellant's pattern of drug use, accompanied by related dangers to the child, presented a substantial risk of harm to the child and rendered Appellant incapable of parenting. *See In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024); *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

Although we agree with appellate counsel's conclusion on the merits, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.* at 27–28; *see also* FAM. § 107.016(2). In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.


W. BRUCE WILLIAMS
JUSTICE


January 22, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.